COMMERCIAL COURT DOCKET

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | |

| | |
|---|---|
| TRISTATE BOLT COMPANY, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) |
| | ) |
| WEST BEND MUTUAL INSURANCE | ) |
| COMPANY, and HARTFORD STEAM | ) |
| BOILER INSPECTION AND | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| DEFENDANTS | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff Tristate Bolt, by counsel, John O. Feighner and Daniel J. Skekloff, and for its Complaint against Defendants West Bend Mutual Insurance Company ("West Bend") and Hartford Steam Boiler Inspection and Insurance Company ("Hartford"), allege as follows:

### I. THE PARTIES AND VENUE

1. Plaintiff is incorporated in Indiana, with its primary place of business in Garrett, Indiana.

2. Defendant West Bend is incorporated in Wisconsin, with its primary place of business in West Bend, Wisconsin.

3. Defendant Hartford is incorporated in Connecticut, with its primary place of business in Hartford, Connecticut.

4. At all times relevant hereto, Defendants West Bend and Hartford have maintained regular and systematic contacts with the State of Indiana, and have continually written insurance

policies for individuals and properties within the State of Indiana. Venue is proper in Allen County, Indiana, as this case meets the requirements of Commercial Court Interim Rule 2.

## II.     ALLEGATIONS COMMON TO ALL COUNTS

5. On or about January 13, 2016, West Bend issued a Commercial Lines Policy, Policy #2061228 03, providing Commercial Property Coverage, Commercial General Liability Coverage, Business Auto Coverage, and Commercial Liability Umbrella Coverage, with Plaintiff identified as the name insured (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**, and is incorporated herein by reference.

6. The Policy also contained an endorsement therein for equipment breakdown coverage, which was issued under Hartford Policy #1000225 and included in the Policy attached hereto as **Exhibit A**.

7. On or about July 24, 2016, a fire occurred at Plaintiff's facility. The Plaintiff suffered an equipment loss, which subsequently prevented the Plaintiff from operating the business. The fire was determined to have been caused by the breakdown of Plaintiff's equipment, specifically a zinc kettle furnace.

8. Despite a prompt and timely claim on the part of the Plaintiff, Defendants have failed to reimburse Plaintiff for the losses as provided in the Policy. Specifically, Defendants have failed to reimburse Plaintiff for the replacement value of the property lost and the costs of business interruption incurred by Tristate Bolt Company.

9. Following the fire loss, Plaintiff made prompt notice to West Bend Mutual Insurance Company and the Hartford Steam Boiler of the fires loss and the business interruption claim. The owners and employees of Tristate Bolt Company attempted in good faith to fully cooperate with all insurance company representatives and consultants to expedite the claims.

10. Defendants retained PT&C/LWG Forensic Consulting Services to do a cause and origin analysis of the hot dip galvanizing kettle. The exam was held at the OmniSource Recycling facility in Fort Wayne, Indiana. Again, Plaintiff fully cooperated with the inspection.

11. August 16, 2016, the PT&C/LWG Forensic Consulting Services' report was issued to Hartford Steam Boiler Inspection and Insurance Company. The report contained serious factual errors. A supplemental report was issued on August 31, 2016. Both the first and second reports are substantial evidence that the claim was being denied based upon faulty analysis.

12. During this period of time, Plaintiff had provided some documentation concerning business interruption losses. Plaintiff was experiencing severe financial pressure to continue payroll for its employees and to continue production in order to maintain an ongoing business.

13. As part of Defendants' investigation, the representative for the Defendants, James Andres of PT&C/LWG Forensic Consulting Services, authorized the destruction and spoliation of the kettle by direct contact to OmniSource.

14. Subsequently, on September 26, 2016, notice of spoliation and disputes about the two faulty reports was forwarded to Defendants by Plaintiff's representative.

15. On October 10, 2016, Hartford Steam Boiler issued a letter to its insured that the claim for property loss was accepted. The October 10, 2016 letter states:

> "We have completed the investigation into the difficulty with the western technology zinc melting kettle. Our investigation found that a breach with the kettle occurred that allowed the molten zinc to escape and fill the cavity between the kettle and outer shell. This is the area where the electric heaters reside. Once the heaters could no longer maintain the heat needed to melt the zinc, the metal solidified. The kettle assembly will need to be replaced.
>
> We have determined that a covered loss has occurred as defined in the policy and our liability will be in effect.
>
> Our liability in this matter will extend only to the lesser cost of repairs or replacement made necessary due to this occurrence...

> We understand that you may also make a business income claim. We also understand that the West Bend Mutual engaged an accountant and we will be in contact with that accountant to continue with the necessary measurement of that part of the claim."

(Hartford Steam Boiler Letter, October 10, 2016.)

16. By March 31, 2017, Defendants had failed to tender replacement coverage funds which would have allowed Plaintiff, if properly and promptly authorized and paid, to continue the business operations. By March 31, 2017, Defendants had failed to pay business interruption payments in a timely manner to assist Plaintiff in the continued operation following the fire loss and damage to the essential component of the Tristate business.

17. Since March 31, 2017, Plaintiff has endeavored in good faith to supply all available information to document the business interruption claim and the insured property damage loss. Due to computer data problems, data retrieval was necessary in order to provide additional financial records requested by Hartford Steam Boiler and West Bend.

18. Tristate Bolt Company has endeavored in good faith to supply all available records. Notwithstanding the substantial delays due to lost data and financial records, the available documents have been retrieved and forwarded to the Defendants.

19. On the 7th day of May, 2018, Hartford Steam Boiler entered its payment of $53,125.00 for the actual cash value of the ruined zinc kettle furnace. No business interruption payments have been received nor other property losses. Plaintiff disputes the payment of the actual cash value loss for the zinc kettle furnace, which should have been replacement coverage value if made timely by Defendants.

### III. BREACH OF CONTRACT CLAIM

20. As a result of Defendants' failures to timely pay the insured losses due and owing under the policies, Defendants are in breach of the Policy.

21. As a result of Defendants' breach, Plaintiff has been damaged.

22. As a proximate result of Defendants' breach of the insurance contract, Plaintiff may recover consequential damages, which may include lost profits for Plaintiff naturally flowing due to Defendants' breach.

23. On March 31, 2017, Plaintiff submitted its property damage, business interruption, and consequential damage claim. The property loss claim was determined to be $198,541.10. The business interruption claim was determined to be $267,000.00. The consequential damage claim was determined to be $492,458.90.

24. Defendants have failed to accept and pay the property loss claims in full, the business interruption claim, and to pay consequential damages for lost profits.

### IV. BAD FAITH CLAIM

25. Plaintiff incorporates by reference the allegations set forth in paragraph 5 through 24 of the Complaint as part of the bad faith claim set forth hereafter.

26. Defendants have the duty implied in all insurance contracts to deal in good faith with its insured.

27. The Defendants' failure to exercise good faith in the handling and/or settling of this insurance claim not only resulted in actual harm to the insured, but is a breach of its obligation in the public interest of fair play between the insurers and its insured. Defendants' conduct constituting bad faith includes the following:

   a. Make an unfounded refusal to timely pay policy proceeds as set forth in Section II and III of the Complaint; and

  b. Defendants' delay in accepting the claim and analyzing the claim caused an unfounded delay in making payments as set forth in Section II and III of the Complaint.

28. Defendants are liable to Plaintiff for all damages attributable to Defendants' bad faith.

**WHEREFORE**, Plaintiff Tristate Bolt, by counsel, John O. Feighner and Daniel J. Skekloff, respectfully requests that this Court enter judgment in favor of the Plaintiff in the amount of $958,000.00 for breach of contract damages and just and reasonable compensation for bad faith misconduct, costs, prejudgment interest, and all other just and proper relief in the premises.

      **HALLER & COLVIN, P.C.**
      **ATTORNEYS FOR PLAINTIFF**
      **444 EAST MAIN STREET**
      **FORT WAYNE, INDIANA 46802**
      **TELEPHONE: (260) 426-0444**
      **FAX: (260) 422-0274**
      **EMAIL:** jfeighner@hallercolvin.com

      BY: /s/ **John O. Feighner**
        **JOHN O. FEIGHNER**
        **I.D. #6800-02**
        **DANIEL J. SKEKLOFF**
        **I.D. #512-02**

## DEMAND FOR JURY TRIAL

Plaintiff Tristate Bolt demands trial by jury in the above cause.

>**HALLER & COLVIN, P.C.**
>**ATTORNEYS FOR PLAINTIFF**
>**444 EAST MAIN STREET**
>**FORT WAYNE, INDIANA 46802**
>**TELEPHONE: (260) 426-0444**
>**FAX: (260) 422-0274**
>**EMAIL: jfeighner@hallercolvin.com**
>
>BY: /s/ John O. Feighner
>    **JOHN O. FEIGHNER**
>    **I.D. #6800-02**
>    **DANIEL J. SKEKLOFF**
>    **I.D. #512-02**