# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **TRISTATE BOLT COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:18-cv-00212-TLS-SLC |
| | ) |
| **WEST BEND MUTUAL INSURANCE** | ) |
| **COMPANY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion to amend filed by Defendants on January 10, 2020, seeking to file an amended answer in order to assert additional affirmative defenses. (ECF 37). Plaintiff filed an objection and memorandum in response on January 16, 2020, asserting that the motion is untimely and the amendment would result in prejudice to Plaintiff. (ECF 38, 39). Defendants did not file a reply brief, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(B). Thus, the motion is ripe for ruling. For the following reasons, the motion to amend will be DENIED.

### *A. Factual and Procedural Background*

Plaintiff filed this breach of contract case in Allen Superior Court on June 15, 2018, and Defendants removed it to this Court shortly thereafter on the basis of diversity jurisdiction. (ECF 1, 6). On August 7, 2018, the Court held a preliminary pretrial conference, setting the following deadlines in accordance with Federal Rule of Civil Procedure 16(b): June 10, 2019, for the completion of all discovery; October 15, 2018, for Plaintiff to seek leave to amend its pleadings; and November 1, 2018, for Defendants to seek leave to amend their pleadings. (ECF 12, 13). On September 4, 2018, Defendants filed their answer, raising two affirmative

defenses—lack of privity of contract as to one Defendant, and that the loss was barred by the express terms of the insurance policy as to the other Defendant. (ECF 14).

On March 19, 2019, upon stipulated motion by the parties, the Court extended the discovery deadline to September 15, 2019, and the expert witness disclosure deadline to June 17, 2019, for Plaintiff, and July 29, 2019, for Defendants. (ECF 22, 23). And on September 12, 2019, again upon stipulated motion by the parties, the Court further extended the discovery deadline to March 30, 2020, and the expert witness disclosure deadline to December 1, 2019, for Plaintiff, and January 17, 2020, for Defendants. (ECF 34, 35).

On January 10, 2020, approximately fourteen months after the applicable deadline, Defendants filed the instant motion to amend, seeking to amend their answer to add thirteen more affirmative defenses, including, among others, failure to mitigate damages, comparative fault, negligence of Plaintiff, assumption of the risk, and failure to comply with the terms of the policy. (AR 37).

### B. Standard of Review

When a motion to amend is filed after the Rule 16 deadline to do so has passed, the Court is "entitled to apply the heightened good-cause standard of [Federal Rule of Civil Procedure] 16(b)(4) before considering whether the requirements of [Federal Rule of Civil Procedure] 15(a)(2) [are] satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted) (upholding a denial of a motion for leave to amend nine months after the deadline to amend had

passed).

Pursuant to Rule 15, when a party can no longer amend the pleadings as a matter of right, a party must seek the court's leave or the written consent of the opposing party. While "leave is to be freely given when justice so requires," Fed. R. Civ. P. 15, "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases). Further, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

"Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 2015) (quoting *A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975)). As such, the Court must balance the hardship to the moving party if the motion is denied, the reasons the moving party failed to include the new party in the initial pleading, and the supposed injustice to the nonmoving party should the motion be granted. *Id.* (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (2d ed. 1990)).

### *C. Discussion*

As stated above, Defendants' motion was filed approximately fourteen months after the

applicable deadline to seek leave to amend their pleadings. Thus, Defendants must establish "good cause" for their untimely motion. Fed. R. Civ. P. 16(b)(4). Defendants, however, do not even attempt to show good cause for their untimeliness. Rather, in their cursory motion, they merely state that they "seek leave" to file their amended answer. (ECF 37 at 2). Consequently, Defendants' motion does not pass scrutiny under Rule 16(b)(4), which dooms the motion at the outset. *See, e.g.*, *Sulkoff v. United States*, No. IP 01-1341-C-T/L, 2003 WL 1903349 (S.D. Ind. Jan. 29, 2003) (denying the defendant's motion to amend its affirmative defenses (other than a defense relating to lack of subject matter jurisdiction, which is an issue that can be raised at any time) where defendant failed to show good cause for the untimely filing).

Nor would the proposed amendment surpass scrutiny under Rule 15. Clearly there is "undue delay" by Defendants in seeking the amendment, as they do not explain why they did not file these affirmative defenses with their original answer and why they did not seek leave prior to the applicable deadline. Defendants also fail to describe any hardship they will face if the motion is denied. Furthermore, allowing these thirteen additional affirmative defenses now on the eve of the close of discovery would likely result in extension of the discovery period, supplements to the expert witness disclosures, delay the resolution of the case, and more expense for all parties. As such, allowing the untimely amendment would prejudice Plaintiff. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay [or] . . . undue prejudice to the [non-movant] . . . .").

Therefore, because Defendants failed to establish good cause for their untimely filing under Rule 16(b)(4), and because they unduly delayed in seeking the amendment and allowing

4

the amendment would result in prejudice to Plaintiff, the motion to amend answer to assert additional affirmative defenses (ECF 37) will be DENIED.

### *D. Conclusion*

For the foregoing reasons, Defendants' Motion for Leave to File Their Amended Affirmative Defenses (ECF 37) is DENIED.

SO ORDERED.

Entered this 31st day of January 2020.

/s Susan Collins
Susan Collins
United States Magistrate Judge